# Exhibit 1



**KENTUCKY**
**COURT OF JUSTICE**

**23-CI-00886**

### GUIDO, DOMINIC V. ET AL VS. THE TRAVELERS COMPANIES, INC. ET

**KENTON CIRCUIT COURT**

Filed on **05/24/2023** as **CONTRACT - OTHER** with **HON. PATRICIA M. SUMME**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 23-CI-00886 |
|---|---|

CONTRACT-OTHER;

| Parties | 23-CI-00886 |
|---|---|

**GUIDO, DOMINIC V.** as **PLAINTIFF / PETITIONER**

| Address |
|---|

802 STEVIES TRAIL
INDEPENDENCE KY 41051

**GUIDO, JESSICA F.** as **PLAINTIFF / PETITIONER**

| Address |
|---|

802 STEVIES TRAIL
INDEPENDENCE KY 41051

**THE TRAVELERS COMPANIES, INC.** as **DEFENDANT / RESPONDENT**

| Memo |
|---|

Registered Agent of Service exists.

| Address |
|---|

485 LEXINGTON AVENUE
NEW YORK NY 10017

| Summons |
|---|

**CIVIL SUMMONS** issued on **05/24/2023** by way of **LONG ARM STATUTE - SOS**

*SOS GC RECD 6/6/23*

**THE TRAVELERS INDEMNITY COMPANY DBA T...** as **DEFENDANT / RESPONDENT**

| Address |
|---|

ATTN: ALAN SCHNITZER, CHAIRMAN & CEO
ONE TOWER SQUARE
HARTFORD CT 06183

| Summons |
|---|

**CIVIL SUMMONS** issued on **05/24/2023** by way of **LONG ARM STATUTE - SOS**

*SOS GC RECD 6/2/23*

**COLLINS, STEPHANIE L.** as **ATTORNEY FOR PLAINTIFF**

| Address |
|---|

7315 DIXIE HIGHWAY
FLORENCE KY 41042

**MAISLIN, BLAKE RYAN** as **ATTORNEY FOR PLAINTIFF**

| Address |
|---|

LAW OFFICES OF BLAKE R. MAISLIN, LLC
2260 FRANCIS LANE
CINCINNATI OH 45206

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

| Memo |
|---|

Related party is THE TRAVELERS COMPANIES, INC.

**Address**

GOODWIN SQUARE
225 ASYLUM STREET, 20TH FLOOR
HARTFORD CT 06103

| **Documents** | **23-CI-00886** |
|---|---|

**COMPLAINT / PETITION** filed on **05/24/2023**

| **Images** | **23-CI-00886** |
|---|---|

**COMPLAINT / PETITION** filed on **05/24/2023**   *Page(s): 19*

**SUMMONS** filed on **05/24/2023**   *Page(s): 1*

**SUMMONS** filed on **05/24/2023**   *Page(s): 1*

**SUMMONS** filed on **05/24/2023**   *Page(s): 2*

**SUMMONS** filed on **05/24/2023**   *Page(s): 2*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **05/24/2023**   *Page(s): 1*

**RECEIPT** filed on **05/25/2023**   *Page(s): 0*

**\*\*\*\* End of Case Number : 23-CI-00886 \*\*\*\***

Filed                                                                           NOT ORIGINAL
DOCUMENT
                                                                                06/19/2023 12:16:36
PM
                                                                                87453-1

## COMMONWEALTH OF KENTUCKY
### KENTON COUNTY CIRCUIT COURT
### KENTON COUNTY, KENTUCKY

|  |  |
|---|---|
| **DOMINIC V. GUIDO**<br>**802 STEVIES TRAIL**<br>**INDEPENDENCE, KENTUCKY  41051-8362**<br><br>**AND**<br><br>**JESSICA F. GUIDO**<br>**802 STEVIES TRAIL**<br>**INDEPENDENCE, KENTUCKY  41051-8362**<br><br>      **Plaintiffs,**<br><br>**-vs.-**<br><br>**THE TRAVELERS COMPANIES, INC.**<br>**485 LEXINGTON AVENUE**<br>**NEW YORK, NEW YORK  10017**<br>**Please Serve:**<br>**The Travelers Companies, Inc.**<br>**c/o Corporation Service Company**<br>**Goodwin Square**<br>**225 Asylum Street, 20th Floor**<br>**Hartford, Connecticut 06103**<br><br>**Please Also Serve Defendant through**<br>**The Kentucky Secretary of State**<br>**Pursuant to KRS § 304.3-230, Service of Process**<br>**on Insurers – Secretary of State**<br>**As Attorney for Service**<br><br>**AND**<br><br>**THE TRAVELERS INDEMNITY COMPANY**<br>**DBA TRAVELERS INSURANCE**<br>**ATTN:  ALAN SCHNITZER,**<br>**CHAIRMAN AND CEO**<br>**ONE TOWER SQUARE**<br>**HARTFORD, CONNECTICUT  06183** | Case No: _____<br><br><br><br><br><br><br>    **COMPLAINT**<br><br>    **Jury Trial Demanded** |

*Presiding Judge: HON. PATRICIA M. SUMME (616123)*

*COM : 000001 of 000019*

Page 1 of 19

Filed                                                                                                                    NOT ORIGINAL
DOCUMENT
                                                                                                                          06/19/2023 12:16:36
PM
                                                                                                                          87453-1

Please Also Serve Defendant through
The Kentucky Secretary of State
Pursuant to KRS § 304.3-230, Service of Process
on Insurers – Secretary of State
As Attorney for Service

**Defendants.**

NOW COME Plaintiffs, **Dominic V. Guido and Jessica F. Guido,** by and through undersigned counsel, and state their Complaint against the named Defendants, as follows:

<h2 align="center">I. THE PARTIES</h2>

**1.** Plaintiffs, **Dominic V. Guido and Jessica F. Guido, [hereinafter, "Plaintiffs"]** reside at **802 Stevies Trail, in Independence, Kenton County, Kentucky 41051-8362 ["the subject property"]** and have so resided at all relevant times herein.

**2.** Plaintiffs had insured the subject property through Defendants, The Travelers Companies, Inc. and The Travelers Indemnity Company DBA Travelers Insurance. [Collectively, "Defendants" or "Travelers"].

**3.** This case arises, *inter alia*, from the negligent and/or willful failure of the Defendants to fully, adequately and timely indemnify the Plaintiff for his covered loss, **which occurred (1) on or about March 27, 2023 and (2) on or about April 25, 2023.**

**4.** Defendant**, The Travelers Companies, Inc.** is a Connecticut property and casualty insurance company headquartered in New York, which issued a homeowners' insurance policy contract to the Plaintiffs, which was, in full force and effect, at the time of the subject property losses.  Defendant conducts substantial business within Kenton County, Kentucky.

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000002 of 000019

Page 2 of 19

NOT ORIGINAL

06/19/2023 12:16:36

87453-1

**5.** Defendant, **The Travelers Indemnity Company DBA Travelers Insurance,** is a Connecticut property and casualty insurance company, headquartered in Hartford, Connecticut, which issued a homeowners' insurance policy contract to the Plaintiffs, which was in full force and effect at the time of the subject property loss. Defendant conducts substantial business within Kenton County, Kentucky.

**6.** This action arises from the negligent and/or willful failure of **(1) Defendant, The Travelers Companies, Inc.; and/or (2) Defendant, The Travelers Indemnity Company DBA Travelers Insurance, [Collectively, "Travelers"]** to fully and adequately indemnify the Plaintiffs, Dominic V. Guido and Jessica F. Guido, for their covered losses.

## II. JURISDICTION AND VENUE

**7.** Jurisdiction is properly invoked in the Kenton County Circuit Court, as this Court has jurisdiction over actions for breach of an insurance contract, for negligence, for bad faith violations of the Kentucky Unfair Claims Settlement Practices Act, for bad faith violations of the Consumer Protection Act, arising from the failure of the insurer to promptly and adequately indemnify the insured homeowners for a covered losses, in which one of the subject parcels is located in Kenton County, Kentucky.

**8.** Venue is proper in Kenton County, Kentucky, as the subject property is in Kenton County, Kentucky, the situs of the insurance contract is in Kenton County, the material events for two losses occurred at the Plaintiffs' residence, 802 Stevies Trail, in Independence, Kenton County, Kentucky 41051-8362 and the Defendants conduct substantial business in Kenton County, Kentucky.

Filed

DOCUMENT

PM

NOT ORIGINAL

06/19/2023 12:16:36

87453-1

### III. STATEMENT OF FACTS

**9.** The Plaintiffs' primary residence is **located at 802 Stevies Trail, in Independence, Kenton County, Kentucky 41051-8362** and the Plaintiffs reasonably expected to have coverage for the subject windstorm / hailstorm losses.

**10.** The first loss occurred on or about **March 27, 2023**, when a windstorm/hail storm caused substantial damage to, *inter alia.,* the roof at the subject property**.**

**11.** Plaintiffs promptly notified Defendant of the occurrence on or about and have satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Hartford insurance policy, which was, in full force and effect, on the date of the covered loss.

**12**. As a result of the **March 27, 2023 covered loss**, the building structure, and/or its contents, and/or personal property were substantially damaged and/or destroyed at the subject property.

**13.** Defendants, Travelers, wrongfully denied the claim, without a substantial basis in law or fact, to support such a denial, under the subject Travelers' policy.

**14.** The second loss occurred on or about **April 25, 2023,** when a windstorm/hailstorm caused substantial damage to *inter alia.,* the roof at the subject property**.**

**15.** Plaintiffs promptly notified Defendants of the occurrence on or about April 25, 2023 and have satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Travelers insurance policy, which was, in full force and effect, on the date of the **April 25, 2023** loss.

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000004 of 000019

NOT ORIGINAL
DOCUMENT
06/19/2023 12:16:36
PM
87453-1

**16.** As a result of the **April 25, 2023 covered loss**, the building structure, and/or its contents, and/or personal property were substantially damaged and/or destroyed at the subject property.

**17.** Defendants, Travelers, wrongfully denied the claims, without a substantial basis in law or fact, to support such denials, under the subject Travelers policy.

## COUNT I: NEGLIGENCE

**18.** Plaintiffs restate and re-allege the allegations contained in the preceding paragraphs, with the same force and effect, as though fully rewritten herein.

**19.** Under the law of the Commonwealth, a negligence action requires a party to establish: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992).

**20.** Plaintiffs placed reasonable and justifiable reliance upon the Defendants, Travelers, to indemnify the Plaintiffs, in accordance with the reasonable expectations of the insured. See *U.S. Fid. & Guar. Co. v. Preston,* 26 S.W.3d 145, 147 (Ky. 2000).

**21.** Reasonable expectations of the insured, includes, *inter alia.,* that ambiguities, in the policy language, are to be construed in favor of the insured, when more than one construction of the policy language is reasonable. *See Nat'l Underwriters v. Lexington Flying Club, Inc.,* 603 S.W.2d 490, 494 (Ky. App. 1979);

**22.** When policy terms are ambiguous, Kentucky's reasonable-expectations doctrine applies; that is, that the court is required to construe the terms in favor of the insured's reasonable expectations and construe them, as the average person would construe them. See *Auto Club Property-Casualty Ins. Co. v. B.T. ex rel. Thomas*, 596 Fed.

Appx. 409, 412 (6th Cir. 2015); *Liberty Mut. Ins. Co. v. Estate of Bobzien*, 377 F. Supp. 3d

723, 737-738, 2019 U.S. Dist. LEXIS 52867, *27-28, 2019 WL 1409857

**23.** Defendants owed a duty of good faith and fair dealing to the Plaintiffs, at all

relevant times herein.

**24.** Defendants breached the duty of good faith and fair dealing, by, *inter alia,*

engaging in the following acts or omissions: **(a)** negligently and/or recklessly failing to

indemnify the insureds for a covered loss**; (b)** negligently and/or recklessly failing to

provide reasonable coverage for occurrences, which the insureds reasonably expected

to have insurance coverage for; **(c)** negligently and/or recklessly failing to conduct a

reasonable investigation of the subject loss and/or failing to adjust the claim, in

accordance with the reasonable expectations of the insureds; and/or **(d)**  engaging in

other unreasonable, arbitrary of capricious actions and/or decisions, which were

contrary to the reasonable expectations of the insureds.

**25.** As a direct and proximate result of the negligent and/or reckless misconduct

of the Defendants, the Plaintiffs have incurred compensatory damages, in an amount,

yet to be determined, but in excess of the jurisdictional statutory minimum, for this

Circuit Court, according to proof at trial.

**26.** To the extent the conduct of the Defendants, is shown to be willful, wanton,

fraudulent and/or done in conscious disregard for the property interests of the

Plaintiffs, then the Plaintiffs are entitled to an award of punitive damages, in an

amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for

this Circuit Court, according to proof at trial.

DOCUMENT

PM

NOT ORIGINAL

06/19/2023 12:16:36

87453-1

## COUNT II: BREACH OF CONTRACT

**27.** Plaintiffs restate and re-allege the allegations contained in the preceding paragraphs, with same force and effect, as though fully rewritten herein.

**28.** Plaintiffs, placed reasonable and justifiable reliance upon the Defendant, to perform the reasonable and necessary services to adjust the subject wind/hail storm loss and to adequately indemnify Plaintiffs for their subject loss.

**29.** "[T]he elements for a breach of contract [require] proof of the existence of a contract, of a breach of that contract, and that the breach caused damages." *EQT Production Company v. Big Sandy Company, L.P.*, 590 S.W.3d 275, 293 (Ky. App. 2019); see also, *Wood v. State Farm Fire & Cas. Co.*, 2020 Ky. App. Unpub. LEXIS 259, *7, 2020 WL 1898401.

**30.** Under the doctrine of reasonable expectations, it has been held that it cannot be accepted as a fact that the parties in good faith intended to bargain for insurance that paid no benefits. See *Simon v. Continental Ins. Co.*, 724 S.W.2d 210, 1986 Ky. LEXIS 320; see also *Home Folks Mobile Home, Inc. v. Meridian Mutual Insurance Company*, Ky. App., 744 S.W.2d 749 (1987); *Moore v. Commonwealth Life Insurance Company*, Ky. App., 759 S.W.2d 598 (1988). Cf. *Woodson v. Manhattan Life Insurance Company*, Ky., 743 S.W.2d 835 (1987). *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279, 1991 Ky. LEXIS 88, *16-17, 22 ELR 20442, 34 ERC (BNA) 1700.

**31.** The insured is "entitled to all the coverage he may reasonably expect to be provided under the policy." *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984). "Only an unequivocally conspicuous, plain and clear manifestation of the company's intent to

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000007 of 000019

Filed          23-00083-DCR-2023          John C. Middleton, Kenton Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

06/19/2023 12:16:36

87453-1

exclude coverage will defeat that expectation." *Id.* at 838-39. The reasonable-expectations doctrine complements Kentucky's public policy favoring broad coverage in insurance contracts. When the terms of the contract are ambiguous, any exclusions should be read to give maximum coverage, with any doubts resolved in the insured's favor. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 564 (6th Cir. 2008) (citing *Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872, 878 (Ky. 2006); *St. Paul Fire & Marine Ins. Co. v. Powell – Walton – Milward, Inc.*, 870 S.W.2d 223, 227 (Ky. 1994); *K.M.R. v. Foremost Ins. Group*, 171 S.W.3d 751, 753 (Ky. Ct. App. 2005)); see *Auto Club Property-Casualty Ins. Co. v. B.T.*, 596 Fed. Appx. 409, 412, 2015 U.S. App. LEXIS 670, *5-6, 2015 FED App. 0034N (6th Cir.), 2015 WL 151702

**32.**   Defendants owed a duty of good faith and fair dealing to the Plaintiffs in carrying out its duties under the subject insurance policy.

**33.**   Defendants breached their respective duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

**(a)**  failing to promptly and reasonably adjust and pay the Plaintiffs' claim;

**(b)** failing to establish a reasonable justification for the denial of the Plaintiffs' claim;

**(c)**  taking advantage of the Plaintiffs' vulnerable position in order to force the Plaintiffs to accept an unfair settlement of the Plaintiffs' claim;

**(d)** failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiffs' claim from its inception;

Page 8 of 19

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000008 of 000019

Filed                20-CI-00886   05/24/2023                John D. Middleton, Kenton Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

06/19/2023 12:16:36

87453-1

**(e)** failing to properly analyze the cause of the loss and/or the applicable coverage;

**(f)** failing to properly review the analysis contained in any reports related to the loss in its possession;

**(g)** failing to properly review the available evidence related to the loss;

**(h)** failing to perform a good faith analysis of the loss;

**(i)** failing to prepare a good faith estimate of damages caused by the loss;

**(j)** refusing Plaintiffs' reasonable requests for information;

**(k)** failing to indemnify the Plaintiffs for their losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct its adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

**(n)** failing to timely provide sufficient funds for the repairs and replacement of the subject property;

**(o)** failing to pay sufficient living expenses and/or loss of use expenses incurred by Plaintiffs, Robert Miller and Carolyn Miller, in accordance with the governing policy of insurance;

**(p)** failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000009 of 000019

Page 9 of 19

**(q)**  acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

**(r)**  engaging in other wrongful acts or omissions to be shown at trial on the merits.

**34.**  As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, Plaintiffs have sustained losses and damages, in an amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for this Circuit Court, according to proof at trial.

**35.**  To the extent the conduct of the Defendants, Travelers, is shown to be willful, wanton, fraudulent and/or done in conscious disregard for the property interests of the Plaintiffs, then the Plaintiffs are entitled to an award of punitive damages, in an amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for this Circuit Court, according to proof at trial.

### COUNT III: BAD FAITH

**36.**  Plaintiffs restate and re-allege each and every allegation contained in the preceding paragraphs, with the same force and effect, as if fully rewritten herein.

**37.**  As insurers, Defendants, Travelers, their respective management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event. In Kentucky, the elements of a claim "for bad faith based on an insurer's denial of coverage" are (1) an obligation on the part

of the insurer to pay the claim under the terms of the policy; (2) lack of a reasonable basis in law or fact for denying the claim; and (3) knowledge on the part of the insurer that there was no reasonable basis for denying the claim or reckless disregard on the part of the insurer for whether such a basis existed. *Pizza Magia Int'l, LLC v. Assurance Co. of Am.*, 447 F. Supp. 2d 766, 779 (W.D. Ky. 2006) (*citing Wittmer v. Jones,* 864 S.W.2d 885, 890 (Ky. 1993)); *Arnold v. Liberty Mut. Ins. Co.,* 392 F. Supp. 3d 747, 776, 2019 U.S. Dist. LEXIS 88860, *54, 2019 WL 2271738

**38.** Defendants' wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured-homeowners.

**39.** As a direct and proximate result of Defendants' bad faith conduct, Plaintiffs have sustained losses and damages, in an amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for this Circuit Court, according to proof at trial.

**40.** To the extent the conduct of the Defendants, Travelers, is shown to be willful, wanton, fraudulent and/or done in conscious disregard for the property interests of the Plaintiffs, then the Plaintiffs are entitled to an award of punitive damages, in an amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for this Circuit Court, according to proof at trial.

## COUNT IV: STATUTORY BAD FAITH CLAIM UNDER UCSPA

**41.** Plaintiffs restate and re-allege the allegations contained in the preceding paragraphs, with the same force and effect, as though fully rewritten herein.

**42.** Defendants, Travelers, owed the duty of good faith and fair dealing to the Plaintiffs.

**43.** Defendants, Travelers, breached that duty owed to the Plaintiffs, by, *inter alia.,* **(a)** making false and misleading misrepresentations regarding the available coverage for the subject losses; **(b)** misrepresenting pertinent facts or insurance policy provisions relating to the coverage at issue; **(c)** failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy/policies; **(d)** failing to adopt and implement reasonable standards for the prompt investigation of insurance claims; **(e)** refusing to pay claims without having conducted a reasonable investigation based upon all available information; and/or **(f)** failing to affirm or deny coverage of claims within a reasonable time after receiving notice. See *Ind. Ins. Co. v. Demetre*, 527 S.W.3d 12, 24, 2017 Ky. LEXIS 364, *26-27

**44.** The UCSPA prohibits a number of different "acts or omissions" including, but not limited to, misrepresenting pertinent facts or policy provisions relating to coverage; failing to promptly acknowledge and respond to claims; failing to adopt and implement standards for prompt investigation of claims; refusing to pay claims without first conducting a reasonable investigation; failing to affirm or deny coverage within a reasonable period of time; and not attempting in good faith to reach a prompt, fair and equitable settlement of claims on which liability is reasonably clear. KRS 304.12-230.

**45.** "The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay." *Davidson*, 25 S.W.3d at 100. Although the UCSPA does not include a private right of action provision, KRS 446.070 allows a person injured by a violation of any Kentucky statute to recover damages from the offender. Thus, KRS 446.070 and KRS 304.12-230 read together create a statutory bad faith cause of action. See *State Farm Mut. Auto Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988); *Ind. Ins. Co. v. Demetre*, 527 S.W.3d 12, 26, 2017 Ky. LEXIS 364, *31-32

**46.** Defendants have wrongfully refused to indemnify the Plaintiffs, for, *inter alia.,* their losses and damages arising from two distinct covered events.

**47.** Defendants did not have and do not have a reasonable basis in law or fact for the failure and refusal to properly indemnify Plaintiffs, for, *inter alia.,* their losses and damages arising from a covered event.

**48.** Defendants knew they had no reasonable basis for the wrongful failure to properly indemnify the Plaintiffs and/or acted with reckless disregard and/or reckless indifference toward the Plaintiffs in the handling of, *inter alia.,* the subject losses.

**49.** By failing to properly negotiate and address the subject losses, the Defendants, Travelers, violated **KRS § 304.12-230**, **the Kentucky Unfair Claims Settlement Practices Act**, by committing one or more of the following actions or omissions:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(4) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(5) Failing to affirm or deny coverage of claims within a reasonable period of time after proof of loss statements have been completed;

(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

(8) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

(9) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

(10) Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made;

(11) Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

(12) Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

(13) Failing to promptly settle claims, where liability has become reasonably clear, under (1) portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

(15) Failing to comply with the decision of an independent review entity to provide coverage for a covered person as a result of an external review in accordance with KRS 304.17A-621, 304.17A-623, and 304.17A-625;

(16) Knowing and willfully failing to comply with the provisions of KRS 304.17A-714 when collecting claim overpayments from providers; or

(17) Knowing and willfully failing to comply with the provisions of KRS 304.17A-708 on resolution of payment errors and retroactive denial of claims.

**50.** Defendants knew it had no reasonable basis for the denial of the claim and/or acted with reckless disregard and/or reckless indifference towards the Plaintiffs, in the handling of the subject loss.

**51.** Accordingly, Plaintiffs are entitled to be fully indemnified for the subject loss, together with all consequential damages and punitive damages, according to proof at trial, in an amount, yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court.

### COUNT V: STATUTORY BAD FAITH CLAIM BY VIOLATION OF CPA

**52.** Plaintiffs, restate and re-allege the allegations contained in the preceding paragraphs, with the same force and effect, as though fully rewritten herein.

**53.** Plaintiffs, as the named insureds under the subject Travelers policy, are provided with the protections of the CPA. *Anderson v. National Sec. Fire and Cas. Co.*, 870

S.W.2d 432, 436 (Ky. Ct. App. 1993) (citing *Stevens v. Motorists Mut. Ins. Co.,* 759 S.W.2d 819 (Ky. 1988)); see *Winburn v. Liberty Mut. Ins. Co.,* 933 F. Supp. 664, 666, 1996 U.S. Dist. LEXIS 11888, \*6.

**54.** The Consumer Protection Act prohibits "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or business" and grants a right of recovery to persons who have purchased or leased goods or services for personal, family or household purposes and in conjunction therewith have been injured by a prohibited act or practice. KRS 367.170; KRS 367.220. *See, e.g., Stevens v. Motorists Mut. Ins. Co.,* 759 S.W.2d 819 (Ky. 1988) (homeowner's policy was purchase of "service" and homeowner had Consumer Protection Act claim where insurer intentionally misrepresented experts' report and arbitrarily refused to negotiate blasting damage claim); *Ind. Ins. Co. v. Demetre,* 527 S.W.3d 12, 26, 2017 Ky. LEXIS 364, \*31.

**55.** Defendants wrongfully refused to indemnify the Plaintiffs for their covered losses.

**56.** Defendants did not have (and does not have) a reasonable basis in law or fact for the failure and refusal to properly indemnify Plaintiffs for their covered losess.

**57.** Defendants' improper failure to properly adjust and indemnify the Plaintiffs, for their covered loss, constitutes a violation of the **Consumer Protection Act**, which provides, in pertinent part:

> (1) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS § 367.170 may bring an action under the rules of civil procedure in the Circuit Court in

which the seller or leasor resides or has his principle place of business or is doing business, or in the Circuit Court in which the purchaser or leasor of goods resides, or where the transaction in question occurred, to recover damages. The Court may in its discretion award actual damages and may provide such equitable relief as it deems necessary or proper. Nothing in the Subsection shall be construed to limit a person's right to seek punitive damages where appropriate.

**58. KRS § 367.170** describes unlawful acts under The Consumer Protection Act**:** (1) Unfair, false, misleading or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful (2) For the purposes of this section, unfair shall be construed to mean unconscionable.

**59.** Defendant, the improper failure to properly adjust and indemnify the Plaintiffs, for their covered losses, consists of arbitrary and capricious actions, without reasonable factual basis or legal justification, thereby constituting bad faith toward the Plaintiffs.

**60.** As a consequence of Defendant's bad faith misconduct, Plaintiffs are entitled to be fully indemnified for the subject loss, together with all consequential damages and punitive damages, according to proof at trial, in an amount, yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court.

## <u>RELIEF REQUESTED</u>

**WHEREFORE**, **Plaintiffs, Dominic V. Guido and Jessica F. Guido,** by and through counsel, demand the following relief:

**A.** Judgment be entered against **(1) Defendant, The Travelers Companies, Inc. and (2) The Travelers Indemnity Company DBA Travelers Insurance,** jointly and severally, for the full value of the losses and damages sustained to the structure and contents caused by the windstorm/hailstorm losses, subject of this action, in an amount,

Page 17 of 19

Filed                                                          NOT ORIGINAL
DOCUMENT                                                  06/19/2023 12:16:36
PM                                                                87453-1

yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court, according to proof at trial.

     **B.** Judgment be entered against **(1) Defendant, The Travelers Companies, Inc. and (2) The Travelers Indemnity Company DBA Travelers Insurance,** jointly and severally, in an amount sufficient, to fully indemnify the Plaintiffs for their losses, including all compensatory damages, contractual damages, statutory damages, according to proof at trial, in an amount, yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court.

     **C.** Judgment be entered against **(1) Defendant, The Travelers Companies, Inc. and (2) The Travelers Indemnity Company DBA Travelers Insurance,** jointly and severally, for an award of punitive damages, in an amount, yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court, according to proof at trial.

     **D.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

     **E.** An award of pre-judgment interest; and

     **F.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

**_/s/ Blake R. Maislin, Esq._**

Blake R. Maislin, Esq.      [90788]
Stephanie L. Collins, Esq. [93873]
Trial Attorney for Plaintiffs
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, Kentucky 41042
Phone: (859) 444-4444 Ext. 101, 117
FAX: (859) 282-1170 (FAX)
E-mail: blake@maislinlaw.com
E-mail: scollins@maislinlaw.com

Page 18 of 19

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000018 of 000019

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable, pursuant to, inter

alia, Ky. R. Civ. P. 38.02   and Ky. R. Civ. P. 39.01.

*/s/ Blake R. Maislin, Esq.*_____

Blake R. Maislin, Esq.      [90788]
Stephanie L. Collins, Esq. [93873]
Trial Attorney for Plaintiffs
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, Kentucky 41042
Phone: (859) 444-4444 Ext. 101, 117
FAX: (859) 282-1170 (FAX)
E-mail: blake@maislinlaw.com
E-mail: scollins@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named

Defendant at the address stated in the caption via Certified U.S. Mail Service, Return

Receipt Requested.  Should service be returned as "UNCLAIMED," then please re-issue

service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Blake R. Maislin, Esq.*_____

Blake R. Maislin, Esq.      [90788]
Stephanie L. Collins, Esq. [93873]
Trial Attorney for Plaintiffs
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, Kentucky 41042
Phone: (859) 444-4444 Ext. 101, 117
FAX: (859) 282-1170 (FAX)
E-mail: blake@maislinlaw.com
E-mail: scollins@maislinlaw.com



AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice          *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **23-CI-00886** ORIGINAL
Court: **CIRCUIT**
County: **KENTON**

06/19/2023 12:17:39 PM

87453-1

# CIVIL SUMMONS

*Plantiff,* **GUIDO, DOMINIC V. ET AL VS. THE TRAVELERS COMPANIES, INC. ET**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**

**GOODWIN SQUARE**

**225 ASYLUM STREET, 20TH FLOOR**

**HARTFORD, CT 06103**

Memo: Related party is THE TRAVELERS COMPANIES, INC.

The Commonwealth of Kentucky to Defendant:
**THE TRAVELERS COMPANIES, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*John C. Middleton*

Kenton Circuit Clerk
Date: **5/24/2023**

Presiding Judge: HON. PATRICIA M. SUMME (616123)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @90005478260
CIRCUIT: 23-CI-00886 Long Arm Statute – Secretary of State
GUIDO, DOMINIC V. ET AL VS. THE TRAVELERS COMPANIES, INC. ET



Page 1 of 1

**eFiled**

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **23-CI-00886**   ORIGINAL
Court: **CIRCUIT**
County: **KENTON**

DOCUMENT

06/19/2023 12:18:19 PM

87453-1

---

*Plaintiff,* **GUIDO, DOMINIC V. ET AL VS. THE TRAVELERS COMPANIES, INC. ET**, *Defendant*

TO:  **THE TRAVELERS INDEMNITY COMPANY DBA TRAVE**
     **ATTN: ALAN SCHNITZER, CHAIRMAN & CEO**
     **ONE TOWER SQUARE**
     **HARTFORD, CT 06183**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*John C. Middleton*

Kenton Circuit Clerk
Date: **5/24/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____

   _____
   Served By

   _____
   Title

Presiding Judge: HON. PATRICIA M. SUMME (616123)

CI : 000001 of 000001

Summons ID: @90005478261
CIRCUIT: 23-CI-00886 Long Arm Statute – Secretary of State
GUIDO, DOMINIC V. ET AL VS. THE TRAVELERS COMPANIES, INC. ET



Page 1 of 1

eFiled

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 23-CI-886

Corporation Service Company

**SECRETARY OF STATE**
**CAPITOL BUILDING**
**FRANKFORT, KY 40601**

9590 9402 3079 7124 1507 64

2. Article Number *(Transfer from service label)*

7017 1450 0000 0147 4074

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X  John ATHA
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

KENTON CIRCUIT/DISTRICT COURT

JUN 06 2023

JOHN C. MIDDLETON          D.C.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

9590 9402 3079 7124 1507 64

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

KENTON CIRCUIT COURT
230 MADISON AVE.
3RD. FLOOR
COVINGTON, KY 41011
PHONE #859-292-6521

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 23-CI- 886
The Travelers Indemnity Co.
DBA Trave Attn: Alan Schnitzer
Chairman & CEO
**SECRETARY OF STATE**
**CAPITOL BUILDING**
**FRANKFORT, KY 40601**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3079 7124 1507 71

2. Article Number (Transfer from service label)
7017 1450 0000 0147 4067

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                   ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
KY DEPT. OF REVENUE

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No
KENTON CIRCUIT/DISTRICT COURT

JUN 02 2023

JOHN C. MIDDLETON
BY _____ D.C.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-20-000-9053   Domestic Return Receipt



USPS TRACKING #

9590 9402 3079 7124 1507 71

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

KENTON CIRCUIT COURT
230 MADISON AVE.
3RD. FLOOR
COVINGTON, KY 41011
PHONE #859-292-6521

