UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| DOMINIC GUIDO and JESSICA GUIDO, | )<br>)<br>) |
| Plaintiff, | )  Civil Action No. 2: 23-083-DCR<br>)<br>) |
| V. | )<br>) |
| THE TRAVELERS COMPANIES INC. and THE TRAVELERS INDEMNITY COMPANY, | )  **MEMORANDUM OPINION**<br>)        **AND ORDER**<br>)<br>) |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendants The Travelers Company and The Travelers Indemnity Company ("Travelers") motion to bifurcate the plaintiffs' extracontractual claims from their breach of contract claim for the purpose of discovery and trial. The defendants also seeks an order staying discovery of the plaintiffs' extracontractual claims until the breach of contract claim has been resolved. The motion for bifurcation will be granted because the breach of contract claim could obviate the need to resolve the extracontractual claims. Discovery also will be stayed on the plaintiffs' extracontractual claims to prevent potential prejudicial disclosure of sensitive documents and information.[1]

**I.**

The plaintiffs allege that the defendants breached their homeowner's insurance policy after they pursued a claim for coverage for roof damage following a wind and hail event in

---

[1] The undersigned concludes that a reply is not necessary to resolve the pending motions.

April 2023. The plaintiffs provided timely notification before filing a claim under their homeowner's insurance policy which was in effect on the date the storm damage occurred. Travelers sent an adjustor to inspect the damage but the adjustor "determined that the claimed damage fell within the policy's deductible." [Record 13-1] Therefore, Travelers declined to provide any compensation under the policy for repairs to the roof. *Id*.

The plaintiffs filed this lawsuit in response, alleging violations of Kentucky's Consumer Protection Act and Unfair Claims Settlement Act, as well as claims for breach of contract, negligence, and common-law bad faith. [Record No. 1] Travelers removed the matter based on this Court's diversity jurisdiction. The defendants now seek to bifurcate discovery and trial of the breach of contract claim from the remaining claims. However, the plaintiffs oppose the requested relief.

## II.

Trial courts often confront the issue of bifurcation in cases that present both insurance coverage and extracontractual claims. Rule 42(b) of the Federal Rules of Civil Procedure allows lower courts to order separate trials of issues and claims "for convenience, to avoid prejudice, or to expedite and economize." *See Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988) (noting that a bifurcation of claims is permissible if it serves judicial economy and does not unfairly prejudice any party); *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (emphasizing that a district court's decision to bifurcate a trial is reviewed for abuse of discretion). When considering bifurcation motions under this rule, district courts weigh "the potential prejudice, potential confusion to the jury, and the relative convenience and economy which would result." *Id.*; *see also In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982).

Consideration of judicial economy presents a threshold issue. Under state law in Kentucky—which governs insurance claims like this one—extracontractual claims may arise after a plaintiff succeeds on a contractual insurance coverage claim under a homeowner's policy. *See, e.g., Sandlin v. CSAA Fire & Cas. Ins. Co.*, No. 3:22-CV-00013-GFVT, 2022 WL 1309075, at *1 (E.D. Ky. May 2, 2022) The defendants correctly contends that, "unless plaintiffs can prove that the Defendants were obligated to pay their claim, there is no viable claim for bad faith." *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.") This means that resolution of a breach of contract claim may dispose of other inextricably related issues that depend on the existence of a valid contractual claim in the first place.

Aside from advancing judicial economy, the defendants also contend that failure to bifurcate the breach of contract claim could be prejudicial by requiring expenditure of time and resources litigating claims that may never arise. *Holloway v. Ohio Sec. Ins. Co.*, 2015 WL 6870141, at *1 (W.D. Ky. Nov. 6, 2015). Conversely, the plaintiffs would not appear to suffer prejudice if the motion to bifurcate is granted. But if the plaintiffs prevail on their breach of contract claim, they preserve the ability thereafter to litigate the remaining claims. *See, e.g., Holloway*, 2015 WL 6870141, at *1.

The potential for jury confusion is a further issue of concern if the claims are not bifurcated. In insurance coverage cases like the present, "[i]ntroducing at trial evidence related to the bad-faith claims could likely confuse the jury and potentially unfairly prejudice the jury against the Defendant." *Rowlett v. LM Ins. Corp.*, 2021 WL 8998926, at *3 (E.D. Ky. Aug.

13, 2021). Here, the evidence relating to one claim has a significant potential to adversely impact others, which presents a significant risk of juror confusion.

The Sixth Circuit has long observed that the purpose of Rule 42(b) is to enable courts to resolve a case in a way that advances judicial economy without sacrificing fairness. *See In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). On balance, the Defendant has properly demonstrated that bifurcation would be conducive to expeditious litigation and efficient judicial administration in a way that does not prejudice either side.

### III.

The defendants also seek to a stay on discovery for the extracontractual claims. In addition to the power to bifurcate, district courts maintain discretion "to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Here, defendants claim that a stay of discovery would prevent the unnecessary expenditure of time and resources required to disclose evidence relevant to an extracontractual claim that may never arise, as well as the premature disclosure of documents for that claim that would likely implicate work product and attorney-client privileges. Indeed, the defendants point to documents and other potential evidence, including communications and mental impressions from Defendant's damage inspector, whose premature disclosure could be prejudicial should its motion fail.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the Defendant's motion to bifurcate and stay discovery [Record No. 13-1] is **GRANTED**.

-5-

Dated: August 31, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky